1  JOSHUA E. KIRSCH (179110)
   GIBSON ROBB & LINDH LLP
2  1255 Powell Street
   Emeryville, California 94608
3  Telephone:  (415) 348-6000
   Facsimile:  (415) 348-6001
4  Email:      jkirsch@gibsonrobb.com

5  Attorneys for Plaintiff
   ALLIANZ GLOBAL RISKS
6  US INSURANCE COMPANY

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

| 11 ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, a | Case No. 2:24-cv-08682 |
|---|---|
| 12 corporation; | **COMPLAINT** |
| 13        Plaintiff, | |
| 14 | (Damages in the sum of $226,382.40) |
| 15     v. | |
| 16 BENCHMARK TRADE SOLUTIONS, INC., a corporation; AM TRANS | |
| 17 EXPEDITE, LLC, a limited liability company; and DOES ONE through | |
| 18 TEN; | |
| 19        Defendants. | |

20

21      Plaintiff's complaint follows:

22              **GENERAL ALLEGATIONS**

23      1.    Plaintiff ALLIANZ GLOBAL RISKS US INSURANCE COMPANY

24 ("ALLIANZ") is, and at all times herein material was, a duly licensed corporation

25 headquartered in, with its principal place of business in, and organized under the

26 laws of the state of Illinois.

27 / / /

28 / / /

COMPLAINT
Case No. 2:24-cv-08682; Our File No. 5730.56

2.     Plaintiff is informed and believes and on the basis of that information and belief alleges that BENCHMARK TRADE SOLUTIONS, INC. ("BENCHMARK") is, and at all times herein material was, a Canadian corporation with its principal place of business and headquarters in Ontario, Canada, and was at all times material licensed as and in business as a motor truck freight broker arranging for the carriage of goods in transit.

3.     Plaintiff is informed and believes and on the basis of that information and belief alleges that AM TRANS EXPEDITE, LLC ("AM TRANS") is and at all times herein material was a limited liability company with its principal place of business and headquarters in the state of Illinois and was at all times material licensed as and in business as a carrier of motor truck cargo.

4.     The claims alleged herein contain a cause of action for non-delivery of cargo under the Carmack Amendment, 49 U.S.C. § 14706.  Accordingly, this Court has jurisdiction over this claim pursuant to 28 U.S.C. §1331.  The Court also has supplemental jurisdiction pursuant to 28 U.S.C §1367.  Venue is proper under 28 U.S.C. §1391(b).

5.     Plaintiff is informed and believes and on the basis of such information and belief alleges that on or about October 3, 4 and 6, 2022, at Carson, California, defendants AM TRANS and DOES 1 through 10, and each of them, under a brokerage assignment from BENCHMARK, received various shipments of security equipment belonging to ALLIANZ's insured, Lorex Technology, Inc. and/or related entities.  Pursuant to bills of lading 111076, 111077, 111302, 111303 and others, said defendants, and each of them, agreed, orally and in writing, and in return for good and valuable consideration, to carry said cargo from Carson, California, to Indianapolis, Indiana, and there deliver said cargo in the same good order, condition, and quantity as when received.

/ / /

/ / /

COMPLAINT

Case No. 2:24-cv-08682; Our File No. 5730.56

2

6.    Thereafter, in breach of and in violation of said agreements, said defendants did not deliver said cargo in the same good order, condition, and quantity as when received at Carson, California.  To the contrary, said defendants, and each of them, failed to deliver the subject shipment in its entirety, to its intended destination, as a result of which the cargo was lost.  The value of the undelivered cargo was $256,382.40.

7.    Prior to the shipment of the herein described cargo and prior to any loss thereto, ALLIANZ issued its policy of insurance whereby ALLIANZ agreed to indemnify the owner of said cargo, and its assigns, against loss of or damage to said cargo while in transit, including mitigation expenses, and ALLIANZ has therefore become obligated to pay, and has paid, to the person entitled to payment under said policy, the sum of $226,382.40, which is the value of the non-delivered cargo after application of the $30,000 policy deductible, on account of the herein described loss.

8.    Plaintiff has therefore been damaged in the sum of $226,382.40, no part of which has been paid, despite demand therefor.

## FIRST CAUSE OF ACTION

### (Carmack Amendment Liability against Defendant AM TRANS and DOE 1 through 10)

9.    Plaintiff re-alleges and incorporates herein with like force and effect as though set forth fully each and every allegation of paragraphs 1 through 8 as set forth above.

10.    Defendants are liable under the Carmack Amendment, 49 USC §14706, for non-delivery of cargo, as this statute governs the liability of motor truck carriers for loss or damage to cargo traveling in interstate commerce.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

/ / /

/ / /

COMPLAINT

Case No. 2:24-cv-08682; Our File No. 5730.56

## SECOND CAUSE OF ACTION

### (Breach of Contract against Defendants BENCHMARK and

### DOE 1 through 10)

11.    Plaintiff re-alleges and incorporates herein with like force and effect as though set forth fully each and every allegation of paragraphs 1 through 8 as set forth above.

12.    Plaintiff is informed and believes and on the basis of such information and belief alleges that the shipments in question were brokered by defendants BENCHMARK and DOE 1 through 10, pursuant to written agreements under which said defendants promised, in exchange for good and valuable consideration, that the loads would not be double brokered, and that the carrier that said defendants hired would have at least $100,000 in cargo liability insurance.

13.    In breach and violation of said agreements, said defendants and their hired carrier allowed the shipments to be double brokered, and failed to provide $100,000 worth of cargo liability insurance.

WHEREFORE, plaintiff prays that this Court enter judgment in its favor and against the defendants; that this Court decree payment by the defendants to plaintiff in the amount of $226,382.40, together with prejudgment interest thereon, and costs of suit herein; and that plaintiff have such other and further relief as in law and equity it may be entitled to receive.

Respectfully submitted,

Dated: October 9, 2024            GIBSON ROBB & LINDH LLP


/s/ JOSHUA E. KIRSCH
Joshua E. Kirsch
jkirsch@gibsonrobb.com
Attorneys for Plaintiff
ALLIANZ GLOBAL RISKS US
INSURANCE COMPANY

COMPLAINT
Case No. 2:24-cv-08682; Our File No. 5730.56                                          4